# ELECTIONS—MUNICIPAL CORPORATIONS—INTOXICAT-ING LIQUORS.

[Logan (3rd) Circuit Court, March, 1903.]

Norris, Day and Mooney, JJ.

## HUNTSVILLE LOCAL OPTION ELECTION, IN RE.

1. CONDITIONS PRECEDENT AND JURISDICTIONAL FACTS MUST AFFIRMATIVELY APPEAR BEFORE ORDERING BEAL LAW ELECTION.

An election under the act of April 3, 1902 (95 O. L. 84; Sec. 4364-20 Rev. Stat. *et seq.,* commonly called the Beal law), cannot be ordered by a municipal council until a petition signed by at least forty per cent. of the municipal electors has been presented to council requesting the holding of an election to submit the question of the sale or no sale of intoxicating liquors within the municipality. Such petition is a condition precedent and jurisdictional to the exercise of such power by the council, which will not be presumed from the fact that an election was held, but must affirmatively appear from the council record, or the election will be void. But where such jurisdictional facts do so appear, the presumption is that the order for the submission of the question was properly made, unless the proceeding was so irregular and erroneous as to invalidate it.

2. RECORD AFFIRMATIVELY SHOWS JURISDICTIONAL FACTS, WHEN.

Such jurisdictional facts affirmatively appear from the council record, although there is no formal finding that forty per cent. of the municipal electors signed the petition, where the record shows that a petition for such election was presented to council; that the council took action by appointing, on motion made for such purpose, a committee to investigate the petition and report the facts; that such committee did investigate and reported that forty per cent. of the municipal electors had signed the same; that such report was accepted and acted upon by unanimous vote of council, and an order made appointing the date for holding the election. Under such a record, an objection that no formal finding was made as to the number of electors signing the petition, is not of the essence of the proceeding, but purely technical.

ERROR to the court of common pleas of Logan county.

**James Kernan** and **J. A. Price,** for plaintiff.

**S. H. West** and **West & West,** for defendant.

## DAY, J.

On August 4, 1902, an election was held in the village of Huntsville, Logan county, Ohio, under the provisions of the Beal municipal local option law (act of April 3, 1902; 95 O. L. 84; Sec. 4364-20 Rev. Stat. *et seq.*). On the face of the returns the proposition to prohibit the sale of intoxicants was carried by a majority, slightly attenuated but sufficient, if the proceeding was conducted in accordance with law so as to be valid and effective.

A contest of said election was instituted in the probate court to have it adjudged void and invalid on the grounds: First, that there was no

mayor of said village qualified to make a proclamation of. said election, as required by law; second, that forty per cent. of the qualified electors of said village did not petition the. council for the privilege of determining by ballot whether the sale of intoxicating liquors as a beverage should be prohibited in said village, and that the council never found or determined that forty per cent. of said electors had signed such petition; third, that a majority of the votes cast at said election were not against the sale of intoxicating liquors as a beverage; and, fourth, that the statute under which said election was held is contrary to the constitution of the state of Ohio and invalid.

On August 20, 1902, the probate court of this county after hearing all of the evidence and argument, gave judgment against the contestors and in favor of contestees, sustaining the election, and held said election in all respects according to law and valid; and the court overruled a motion to set aside the finding and judgment and for a new trial. The contestants secured a bill of exceptions, containing all of the evidence and the rulings of the court admitting and excluding evidence on the hearing. Error was prosecuted in the common pleas court, and upon the hearing there the finding and judgment of the probate court was affirmed. Error is prosecuted here to reverse the judgment of both the lower courts.

There is a general assignment of error in the petition in error, viz., that the lower court erred in affirming the findings and judgment of the probate court.

In the lower court the unconstitutionality of the so-called Beal local option law, and that there was no qualified mayor to make the proclamation to the voters was urged and insisted on, but in this court while they are not abandoned entirely, they are waived so far as this court is concerned, with the statement of counsel for plaintiff in error that the Supreme Court has upheld a similar law as against the charge of invalidity, and that the mayor of the village of Huntsville, did, in fact, make the necessary proclamation.

Under the provisions of the law, forty per cent. of the qualified electors of the municipality must make and sign a petition to council asking the submission of the question to a vote before the council can have any authority or right to order a vote. That is jurisdictional—is a condition precedent to the exercise of the power to order a vote by the council, and if the condition is not present, if forty per cent. of the electors did not so petition, the election must be held of no effect; and this jurisdictional fact may not be presumed from the fact that an election was ordered by

the council, but must affirmatively appear in the record in some form or other. If it does so appear then the presumption arises that the order made was properly made and is valid, unless the proceeding was so irregular and erroneous as to invalidate it. Such was the holding of this court in the case of Smith v. Frenzer, 5 Circ. Dec. 658 (12 R. 250). This case was approved and affirmed by. the Supreme Court, and may, for the present, be said to be the law on that subject.

The only question we have here is the one: Does it appear from the record, affirmatively, that forty per cent. of the electors petitioned for the submission of the question of prohibition in Huntsville to the electors of that municipality? We are all of the .opinion that such fact does clearly appear of record. The record of council shows that a petition for an election was presented to the council under the Beal law and the council took action by appointing, on motion for that purpose, a committee to investigate the petition and report the facts to the council. The committee did investigate and report to the council that forty per cent. of the voters of Huntsville have signed the petition. This report was accepted and acted upon by the council by unanimous vote and an order made appointing August 4 as the date that an election should be held. True there is no formal finding of the fact of forty per cent. of the voters signing the petition appearing of record, but by the fairest inference it appears that such fact was then acted upon by the council and by each and every member thereof present and participating in the proceedings. This objection appears to us to be not at all of the essence, but purely and wholly technical. There is in substance and effect a finding by the council of the jurisdictional fact, and if there is any doubt of that, it is made to appear on the trial of the contest in the probate court, that in fact more than forty per cent. of the voters did sign the petition. We are of the opinion that the fact that forty per cent. of the electors signed the petition is quite. apparent on the record and that the council so found is also apparent. This gave jurisdiction and no prejudicial thing being made to appear, the presumption is that the order made was properly made, and the judgment is affirmed with costs but. without penalty.

Judgment for costs, execution is awarded and remanded for execution.